UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22745-ALTMAN/Reid

**EARL T. SAMPSON**,

   *Plaintiff*,

v.

**UNITED STATES OF AMERICA**,

   *Defendant*.

_____/

**ORDER**

Our Plaintiff, Earl T. Sampson, has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in his lawsuit against the United States of America. But, because Sampson's complaint fails to state a claim on which relief may be granted, we now **DENY** the IFP Motion and **DISMISS** the Complaint [ECF No. 1] **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

**THE LAW**

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this

standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Sampson, acting *pro se*, has sued the United States using what appears to be a form complaint for a civil case. *See generally* Complaint. In that Complaint, Sampson alleges only this: "Too many Denizens the USA has allowed citizenship with STD incurables[.] Too many people around me has STD incurables." Complaint at 4 (errors in original). As relief, Sampson requests "$6,000,000"—"2 Mil for Environmental hazards, 2 Mil for biological hazards [and] 2 Mil for Emotional distress." *Ibid.* He also asks the United States for a "Vanguard I.D. for armored material necessities" and an "apology for allowing this beautiful country I call home to get like this[.]" *Ibid.*

Sampson's Complaint fails for any number of reasons. *First*, he's failed to establish any ground for the exercise of our subject-matter jurisdiction—mainly because he hasn't asserted even a single cause of action. And this lack of a cause of action means *both* that he's failed to state a viable claim against anyone, *see* FED. R. CIV. P. 12(b)(6), *and* that he's violated the prescriptions of Rule 8, *see* FED.

2

R. CIV. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). *Second*, we have no idea how Sampson was injured, or why the United States should be liable to him. *Third*, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States, therefore, "cannot be sued except as it consents to be sued." *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993). We cannot even discern what Sampson's claims are, so we're confident the "United States has not waived its sovereign immunity with respect to the claims herein presented[.]" *Taylor v. FBI (Montgomery)*, 2007 WL 2429218, at *1 (M.D. Ala. Aug. 22, 2007). For these reasons, Sampson's complaint is facially deficient under 28 U.S.C. § 1915(e)(2)(B).

Where "a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also, e.g.*, *Arthur v. Cir. Ct of 11th Jud. Cir.*, 2022 WL 1045646, at *1 (S.D. Fla. Apr. 7, 2022) (Scola, J.) (dismissing a *pro se* complaint under § 1915(e)(2) because "the precise contours of [the plaintiff's] allegations are . . . impossible to discern" and because "[i]t does not include sufficient factual matter, accepted as true, that would allow the Court to reasonably infer what [the plaintiff's] claim or claims for relief against the [d]efendants may be"); *Diarra v. Atlanta City Det. Ctr.*, 2020 WL 6867074, at *2 (N.D. Ga. Oct. 15, 2020) (dismissing complaint under § 1915(e)(2)(B)(ii) because, "[e]ven if it were not frivolous, it fails to state a claim for relief"); *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001) (explaining that, under the amendments to § 1915, a complaint may be dismissed *either* as frivolous *or* for failure to state a claim).

\*\*\*

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3] is

       **DENIED**.

2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.

3. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED as moot**. All pending deadlines and hearings are **CANCELED**.

**DONE AND ORDERED** in the Southern District of Florida on July 25, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record